## LEWIS *v.* AMOR.

The refusal of a court below to set aside a levy, and all subsequent proceedings, is not a legitimate subject of error.

THIS was a writ of error to the Common Pleas of Allegheny county.

*September* 14. It appeared that in the court below, George Amor

issued a writ of *fi. fa.* against A. Kirk Lewis, to which the sheriff made return of a levy upon certain land of the defendant, being part of lot No. 10, in the manor of Pittsburgh, &c. To the succeeding term, he issued a writ of *venditioni exponas* before the return-day, of which a rule was taken by the defendant, to show cause why the levy, inquisition, condemnation, and all subsequent proceedings should not be set aside at plaintiff's cost; in the mean time all proceedings stayed by consent. This rule was discharged by the court below; whereupon, this writ of error was sued out; and in this court it was assigned for error, "that the court below erred in refusing to set aside the levy, and all subsequent proceedings at the plaintiff's costs." The paper book contained a copy of the record of proceedings in the Orphans' Court, and abstracts of various recorded mortgages, the object of which was to show that the part of lot No. 10 levied on, not being a whole tract, was not a subject of separate levy.

*Selden*, for plaintiff in error.—Act of 16th June, 1836, relating to executions, sec. 43 ; 6 Purd. 416 ; 1 Serg. & Rawle, 317 ; 7 Serg. & Rawle, 419 ; 1 Rawle, 328, Writ of error proper in this case, 6 Watts & Serg. 466.

*Hampton*, contrà.

Per Curiam.—The point assigned is not a legitimate subject of error. All that appears on the record is, the sheriff's return of "levied on part of lot No. 10, in the manor of Pittsburgh," which may have been an entire farm, and a legitimate subject of separate levy. The rest is mere allegation, unsupported by any thing but certain proceedings in the Orphans' Court, which are no part of the proceedings in the action removed by the writ of error, and which could not come up with it, even if they made out the fact. The mortgages and releases between the defendant below, and parties who are strangers to the action, are in the same predicament. These documents ought not to have been put on the paper books, as part of the record, as they could have no effect but to mislead.

Judgment affirmed.